[Civ. No. 4940. First Appellate District. Division Two.—October 11, 1924.]

## DANIEL CORREA, Respondent, v. JAMES C. DAVIS, Presidential Agent, etc., Appellant.

[1] NEGLIGENCE — COLLISION AT RAILROAD CROSSING — ABSENCE OF FLAGMAN—CONTRIBUTORY NEGLIGENCE—EVIDENCE.—In this action for damages for injuries suffered in a collision at a railroad crossing between an automobile driven by plaintiff and an inter-urban train operated by defendant, while the evidence showed that the *quantum* of care on plaintiff's part as he approached the crossing may have been less by reason of his knowledge of the practice on the part of defendant in maintaining a flagman at the crossing and the fact that no flagman was in the street as plaintiff approached the crossing, the evidence did not show that there was a total disregard of all ordinary precautions on the part of the plaintiff, and, therefore, it could not be said that plaintiff was guilty of contributory negligence, as a matter of law.

[2] ID. — FAILURE OF ENGINEER TO EXERCISE ORDINARY CARE — EVIDENCE—INFERENCES—APPEAL.—In such action, the testimony of the engineer in charge of defendant's train was such that the trial court was justified in drawing the inference that, as defendant's train approached the main thoroughfare along which plaintiff was traveling, the said engineer did not exercise ordinary care, in that he proceeded at a high speed to cross said thoroughfare, while looking straight ahead and glancing neither to the right nor to the left to observe whether plaintiff was in a dangerous position; and the finding of the trial court that defendant was negligent was conclusive on appeal.

---

(1) 33 **Cyc.**, p. 1126.    (2) 4 **C. J.**, p. 883, sec. 2855; 33 **Cyc.**, p. 1103.

1. Duty of railroad to keep flagman at crossings, notes, 100 Am. Dec. 412; 37 Am. Rep. 443; 17 Am. Rep. 363; 4 Ann. Cas. 294; 11 Ann. Cas. 51; 17 Ann. Cas. 982; 16 A. L. R. 1273. See, also, 22 R. C. L. 1008–1011.

Conduct or absence of flagman as affecting liability for crossing injury, note, 41 L. R. A. (N. S.) 355. See, also, 22 R. C. L. 1043.

Care required of automobile driver at railroad crossing, notes, 21 L. R. A. (N. S.) 794; 29 L. R. A. (N. S.) 924; 46 L. R. A. (N. S.) 702. See, also, 22 R. C. L. 1015.

2. Care which railroad must exercise at highway crossings, notes, 26 Am. Rep. 207. See, also, 22 R. C. L. 989.

Automobile accidents at railroad crossings, notes, **Ann. Cas.** 1913B, 680; **Ann. Cas.** 1915B, 642.

APPEAL from a judgment of the Superior Court of Alameda County. H. L. Preston, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Ford & Johnson for Appellant.

Donahue, Hynes & Hamlin for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendant to recover a judgment for damages by reason of injuries suffered in a collision between his automobile and an interurban train operated by the defendant. The case was tried before the court sitting without a jury. The court made findings in favor of the plaintiff and entered a judgment in the plaintiff's favor. From that judgment the defendant has appealed and has brought up the judgment-roll and a bill of exceptions.

The accident occurred near Melrose station on the Southern Pacific right of way in Alameda County on the twenty-seventh day of February, 1920. The plaintiff, accompanied by a young lady, was driving on East Fourteenth Street westerly toward the city of Oakland. As he approached the crossing of that street with Forty-seventh Avenue one of the trains of the defendant was standing at the station. As a witness in his own behalf the plaintiff testified that the train was an interurban electric train and that it was equipped with apparatus that from the casual inspection of a passer-by it could not be ascertained whether the train was to move north or to move south. He said that he had been and was engaged in operating his automobile as a taxi; that he frequently passed by Melrose station; that the defendant maintained at that station a flagman who would step into the street and signal to passers-by that a train was approaching if such were the fact. The plaintiff further testified that when he approached the track he saw the train; that he looked for a flagman and no flagman was in the street; that about that time he put on his brakes. Before the plaintiff attempted to cross the track, and before the train started to move, the plaintiff testified that he had been driving fifteen miles an hour. When he was about to approach the

tracks he testified that he was going four miles an hour. As he was quite close to the track he testified that he saw the train in motion and that he then tried to stop his car and could not do so and his car slid forward on the wet street. He further testified that about the same time that he saw the train was in motion he heard the bell on the train ringing and that before he saw the train moving he did not hear any signal from the train. Throughout the testimony of the plaintiff he claimed that from the time he first approached the street crossing he saw the train, and that continually thereafter the train was within the scope of his vision. Nearly every other fact above stated is contradicted more or less by other statements made by the plaintiff, or by other witnesses.

[1] The defendant strenuously contends that the evidence shows without contradiction that the defendant was not guilty of negligence and the accident was brought about solely by reason of the contributory negligence of the plaintiff. Taking up the proposition stated last, we think the evidence quoted was reasonably susceptible of an interpretation by the trial court to the effect that the plaintiff was not guilty of contributory negligence. The conflict in the testimony given by the plaintiff and the conflict between his testimony and that of other witnesses was solely for the consideration of the trial court and not this court. If, as testified to by the plaintiff, the defendant was in the habit of maintaining a flagman at the crossing, the plaintiff was entitled to bear that matter in mind in determining the course he should pursue and what speed he should adopt when no flagman was present. The absence of the flagman did not authorize the plaintiff to omit taking any care for his own protection. While the *quantum* of care on the plaintiff's part may have been less by reason of the practice on the part of the defendant in maintaining a flagman at the crossing, the evidence does not show that there was a total disregard of all ordinary precautions on the part of the plaintiff, therefore we think that it cannot be said he was, as a matter of law, guilty of contributory negligence. (*Koch* v. *Southern California Ry. Co.*, 148 Cal. 677 [113 Am. St. Rep. 332, 7 Ann. Cas. 795, 4 L. R. A. (N. S.) 521, 84 Pac. 176].)

[2] The contention that the record does not disclose any negligence on the part of the appellant will next be considered. To understand the record it should be borne in mind that the plaintiff, shortly before the accident, was driving on Fourteenth Street westerly toward the city of Oakland. When he was at Forty-seventh Avenue looking ahead he could see the defendant's train standing on the track on Forty-sixth Avenue between the north end of the station and Fourteenth Street. It is stipulated that the territory between the north end of the station and Fourteenth Street was so unoccupied with buildings that nothing obstructed the view. The distance between the head of the train as it stood at the station and the point of collision was about 140 feet. One of the plaintiff's witnesses testified when the train had proceeded fifty feet it had reached a speed of fifteen or eighteen miles an hour, maybe twenty miles, and that no bell was sounded. The defendant's engineer testified the train was going eight miles an hour as it crossed Fourteenth Street. The engineer further testified that the collision occurred when he was opposite the curb on Fourteenth Street and he marked the point as "B–1." Continuing he testified in different parts of his testimony, "As I was crossing the street up until the point marked 'B–1,' I was looking straight ahead. I was not looking to the left or right. I had not seen any automobile coming. . . . When I was going across the street I was standing right up in front of the window. There was nothing that could get in front of my view. Naturally we look ahead all the time. We usually look straight ahead. East Fourteenth Street is one of the main thoroughfares in Oakland. . . . In bringing the car across the street I looked straight ahead. There is a big glass window in front of me. I can see anything that is in vision by looking out of the window. My vision is not confined to the portion right between the rails. I can see to the side, either side." The meaning of the testimony given by the engineer is not clear. The trial court had the right to draw inferences therefrom. It could have inferred that the engineer exercised ordinary care and caution in the management and operation of his train to avoid inflicting injury upon the plaintiff while he was traveling upon and using Fourteenth Street and that the defendant omitted no duty it owed the plain-

tiff. (*Henderson* v. *Los Angeles Traction Co.*, 150 Cal. 689, 693 [89 Pac. 976].) On the other hand, the trial court could have drawn the inference, and by reason of the findings which the trial court made we must assume that it did draw the inference, that the engineer in the operation of his train did not use such ordinary care because he proceeded at a high speed to cross Fourteenth Street, one of the main thoroughfares in Oakland, while looking straight ahead and glancing neither to the right nor to the left to observe whether the plaintiff was in a dangerous position. (33 Cyc. 766; 36 Cyc. 1477.) In short, the trial court could have decided the facts before it either way, and the decision could not have been disturbed by a court of review.

The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.